UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES MONTEVAGO,

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

Case No.: _____

State Court Case No.: 14-005933-CI

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331 and 1441, and 1446, Defendant Wells Fargo Bank, N.A., ("Wells Fargo"), hereby removes the above-captioned case from the Sixth Judicial Circuit in and for Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

**I.    THE REMOVED CASE**

1.    The removed case is a civil action filed on or about August 6, 2014, by Plaintiff, James Montevago ("Plaintiff"), in Pinellas County, Florida, having been assigned the case number 14-005933-CI.

2.    Plaintiff's Complaint asserts three counts. Counts I and II are for alleged violations of the Florida Consumer Collection Practices Act (the "FCCPA"), Fla. Stat. § 559.55, et. seq. Count III is for alleged violations of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TPCA").

3.    This action is removable under 28 U.S.C. section 1441(b), in that it is a civil action arising under the Constitution, treaties or laws of the United States. This Court has

original jurisdiction over this action under 28 U.S.C. § 1331.

## II.   WELLS FARGO HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      As required by 28 U.S.C. section 1446(a), Wells Fargo attaches copies of all process, pleadings, and orders served upon Wells Fargo, including summonses and petitions, as Exhibit A.[1]

5.      The Complaint was served on Wells Fargo on August 14, 2014.  Therefore, this Notice of Removal is timely filed within 30 days of receipt of the initial pleading by Plaintiff and within one year of commencement of the action.  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).  Wells Fargo has not yet served its response to the Complaint.

6.      The Sixth Judicial Circuit of Florida is located within the Middle District of Florida, Tampa Division.  Venue is thus proper under 28 U.S.C. § 89(b) because this is the "district and division embracing the place where such action is pending."  See 28 U.S.C. § 1441(a).

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1331 AND 1441.

*Federal Question Jurisdiction*

7.      Removal is proper under 28 U.S.C. § 1331 because the Plaintiff's purported claims arise under the Constitution, laws, or treaties of the United States.  This Court has original jurisdiction under 28 U.S.C. § 1331, and Wells Fargo is entitled to remove to this

---

[1]     Per the Clerk of the Court's request, the Complaint has been separated into a separate PDF for the docket and to prevent multiple copies of the same document being placed on the electronic filing system.

Court pursuant to 28 U.S.C. § 1441(b), in that, Plaintiff has brought federal law claims arising under the TCPA. See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 752-53 (2012) (declaring that federal courts have subject matter jurisdiction over private claims brought under the TCPA, and that such claims are federal questions subject to removal under 28 U.S.C. § 1331).

*Supplemental Jurisdiction*

8. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all other claims—the two state law FCCPA claims—Plaintiff brings in this case because those claims are so related to Plaintiff's TCPA claims that they form part of the same case and controversy under Article III of the United States Constitution. Accordingly, all of Plaintiff's remaining claims are removable pursuant to 28 U.S.C. § 1441(c).

9. Pursuant to 28 U.S.C. section 1446(d), written notice of the removal of this action will be promptly served to Plaintiff's counsel, and a Notice of Filing Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Pinellas County, Florida. A true and correct copy of this Notice is attached. See Exhibit B.

## IV. CONCLUSION

For the reasons stated above, Wells Fargo respectfully removes this action from the Sixth Judicial Circuit of Florida, bearing Case No. 14-005933-CI, to this Court pursuant to 28 U.S.C. § 1441.

Dated: September 3, 2014

                                         */s/ Joanna Garcia*
                                         Fentrice D. Driskell
                                         Florida Bar No. 0833851
                                         Joanna Garcia
                                         Florida Bar No. 0604313
                                         E-mail: fdriskell@cfjblaw.com
                                         E-mail: jgarcia@cfjblaw.com
                                         Carlton Fields Jorden Burt, P.A.
                                         P.O. Box 3239
                                         Tampa, FL  33601-3239
                                         Telephone:  (813) 223-7000
                                         Facsimile:  (813) 229-4133
                                         Attorneys for Wells Fargo Bank, N.A.

### CERTIFICATE OF SERVICE

I CERTIFY that on the 3rd day of September 2014, a copy of this pleading was e-mailed and sent by regular U.S. mail to:

Anthony S. Bradlow
Boss, Arrighi & Hoag, P.L.
9800 Fourth Street North, Suite 402
St. Petersburg, Florida  33702
E-mail: cpservice@protectyourfuture.com
E-mail: tbradlow@protectyourfuture.com

                                         */s/ Joanna Garcia*
                                         Joanna Garcia
                                         Florida Bar No. 0604313

22376608.1