# IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
# IN AND FOR PINELLAS COUNTY, STATE OF FLORIDA

JAMES MONTEVAGO,   CASE NO.:

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,   DEMAND FOR JURY TRIAL

Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, JAMES MONTEVAGO (hereafter "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, WELLS FARGO BANK, N.A. (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1. Plaintiff is an individual residing in Pinellas County, Florida.

2. This is an action for damages greater than $15,000.00.

3. Defendant a foreign profit corporation as registered with Florida Department of State, Division of Corporations.

4. Defendant is a "Creditor", as defined by the FCCPA, Fla. Stat. § 559.55(3), and does business throughout the state of Florida, including Pinellas County, Florida.

5. The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1).

6. Defendant is a "person" subject to regulations under the Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

## FACTUAL ALLEGATIONS

7. It is alleged by Defendant that Plaintiff owed a debt to Defendant relating to Wells Fargo Home Mortgage, Account No. ending in -1381.

8. Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on May 7, 2014 at 10:49 A.M. through a facsimile transmission to Defendant's facsimile no. (866) 969-0103. *See* Exhibit "A."

9. The following phone number, (800) 868-0043, is a phone number of Defendant.

10. Plaintiff's cellular telephone number is (727) 430-1011.

11. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (800) 868-0043 to Plaintiff's cellular telephone on the following dates and times:

May 7, 2014 at 12:08 P.M.;

May 8, 2014 at 11:56 A.M.;

May 9, 2014 at 12:11 P.M.;

May 10, 2014 at 12:05 P.M.;

May 12, 2014 at 11:47 A.M.;

May 13, 2014 at 4:48 P.M.;

May 14, 2014 at 12:51 P.M.;

May 15, 2014 at 12:51 P.M.;

May 16, 2014 at 2:19 P.M.;

May 17, 2014 at 12:50 P.M.;

May 19, 2014 at 12:08 P.M.;

May 20, 2014 at 6:29 P.M.;

May 21, 2014 at 12:42 P.M.;

May 22, 2014 at 12:20 P.M.;

May 23, 2014 at 12:35 P.M.;

May 24, 2014 at 11:49 A.M.;

May 24, 2014 at 5:01 P.M.;

May 26, 2014 at 10:14 A.M.;

May 27, 2014 at 12:41 P.M.;

May 28, 2014 at 12:15 P.M.;

May 29, 2014 at 11:01 A.M.;

May 29, 2014 at 8:56 P.M.;

May 30, 2014 at 11:48 A.M.;

May 31, 2014 at 10:53 A.M.;

June 2, 2014 at 12:40 P.M.;

June 3, 2014 at 4:36 P.M.; and

June 4, 2014 at 12:20 P.M.

12. Defendant knowingly or willfully called Plaintiff's cellular telephone from telephone number (800) 868-0043 after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

13. Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

14. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

15. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

16. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### COUNT I: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

17. Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

18. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

19. Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

20. Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, JAMES MONTEVAGO, demands judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b. additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c. pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d. in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e. any other relief the court deems just and proper.

## COUNT II: VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

21. Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

22. Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

23. Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

24. Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, JAMES MONTEVAGO, demands judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a. any actual damages sustained by Plaintiff as a result of the above allegations;

b.   additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.   pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.   in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.   any other relief the court deems just and proper.

### COUNT III: VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

25.   Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

26.   Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

27.   Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

28.   Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

29.   The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is a sophisticated credit lender that is well aware of the TCPA and its prohibitions.

**WHEREFORE**, Plaintiff, JAMES MONTEVAGO, demands judgment against Defendant, WELLS FARGO BANK, N.A., for the following relief:

a.   statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after May 7, 2014;

b. an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c. any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Date: **August 5, 2014**                    Respectfully Submitted,

/s/*Anthony S. Bradlow*
Christopher W. Boss, Fla. Bar No,: 013183
Anthony S. Bradlow, Fla. Bar No.: 104904
**Boss, Arrighi & Hoag, P.L.**
9800 Fourth Street North, Suite 402
St. Petersburg, Florida 33702
Email: tbradlow@protectyourfuture.com
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**